## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SUNCITY METALS AND TUBES PRIVATE. LIMITED<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)   Court No. 25-00222<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Suncity Metals and Tubes Private Limited., ("Suncity") through its attorneys, International Trade Law Counselors, PLLC, alleges and states as follows:

### ADMINISTRATIVE DECISION TO BE REVIEWED

1. This Complaint is brought by Plaintiff to contest certain aspects of the antidumping duty administrative review, 2022-2023, and associated final results published by the International Trade Administration of the United States Department of Commerce ("Commerce") in *Welded Stainless Pressure Pipe From India: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed Reg. 44041 (September 11, 2025), and accompanying Issues and Decision Memorandum ("*Final Results*").

2. In the challenged decision, Commerce determined a antidumping duty margin of 21.77 percent.

### JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) and sections 516A(a)(2)(A)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, codified

as 19 U.S.C. §§ 1516a(a)(2)(A)(I) and 1516a(a)(2)(B)(iii). Plaintiff contests the Department's *Final Results* specifically as applied to Plaintiff.

## STANDING OF PLAINTIFF

4. Plaintiff, Suncity, is an Indian producer and exporter of the subject merchandise that was the subject of the underlying administrative review. Plaintiff participated in the underlying ITA administrative review as a mandatory respondent. Plaintiff, therefore, is an "interested party" within the meaning of Section 771(9)(A) of the Act, as amended, 19 U.S C § 1677(9)(A), and has standing pursuant to Section 516A(d) of the Act, as amended, 19 U.S.C § 1516a(d).

## TIMELINESS OF THIS ACTION

5. The contested antidumping duty final results were published in the Federal Register on September 11, 2025. Plaintiff Suncity filed a Summons on October 8, 2025. The action is, therefore, timely filed pursuant to Section 516A(a)(2)(A)(i)(I) of the Tariff Act of 1930, as amended, 19 U.S C. § 1516a(a)(2)(A)(i)(I).

## STATEMENT OF FACTS

6. The antidumping duty administrative review of welded stainless pressure pipe from India (Pipe) was initiated December 29, 2023. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 88 Fed. Reg 90168 (December 29, 2023). Suncity fully participated in this administrative review as a mandatory respondent.

7. On December 13, 2024, Commerce published its preliminary determination of the administrative review. *See Welded Stainless Pressure Pipe From India: Preliminary Results and Partial Rescission of Antidumping Duty Administrative Review; 2022-2023,* 89 Fed. Reg. 100854 (December 13, 2024). *Commerce* determined a rate of 56.39

      percent based on responses submitted by Suncity.

8. On September 11, 2025, Commerce published its final results. *See Welded Stainless Pressure Pipe From India: Final Results of Antidumping Duty Administrative Review; 2022-2023*, 90 Fed Reg. 44041 (September 11, 2025). The rate was 21.77 percent.

9. On September 16, 2025, Suncity submitted to Commerce a ministerial errors letter, arguing that substantial evidence on the record did not support any addition of revenue regarding either freight or marine expenses in the Department's SAS program and, therefore, Commerce made a ministerial error in adding this phantom income to its SAS program for the final results calculations. Due to the shutdown because of lack of funding of the federal government on October 1, 2025, Commerce did not respond to Suncity's letter.

## STATEMENT OF THE CLAIMS

Plaintiff challenges the *Final Results* of the administrative review for the following reasons:

## COUNT ONE

10  Paragraphs 1 through 9 are adopted and incorporated, herein, by reference.

11. Commerce's decision in is final results to add non-existent income regarding freight and marine insurance expenses was not predicated on substantial evidence on the record, not reasonably determined, was arbitrary and capricious, and was otherwise not in accordance with law. Substantial evidence on the record demonstrated that Suncity incurred freight and marine insurance expenses but received no offset income regarding those expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

    a) hold that Commerce's *Final Results* were unsupported by substantial evidence and

were otherwise not in accordance with law with respect to the claims advanced by Plaintiff in the Complaint; and

b) remand the *Final Results* to the Commerce Department with instructions to correct the errors set forth in this Complaint.

        Respectfully submitted,

October 9, 2025

        */s/ John J. Kenkel*
        John J. Kenkel
        International Trade Law Counselors, PLLC
        8647 Richmond Hwy, Suite 623
        Alexandria, Va. 22309
        Tel. (202) 390-4064
        InternationalTradeLawCounselors@outlook.com
        *Counsel for Plaintiff*
        *Suncity Metals and Tubes Private Limited*