UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE MARK A. BARNETT, CHIEF JUDGE

_____

| | |
|---|---|
| SUNCITY METALS AND TUBES PRIVATE LIMITED | ) ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Court No. 25-00222 |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| And | ) |
| | ) |
| FELKER BROTHERS CORPORATION | ) |
| Defendant-Intervenor. | ) |
_____ __ _____)

**PLAINTIFF'S RESPONSE TO COURT ORDER**

Respectfully submitted,

__/s/ John J. Kenkel_____ _____

John J. Kenkel
International Trade Law Counselors, PLLC
8647 Richmond Highway, Suite 623
Tel. (202) 390-4064
IntlTradeLawCounselors@outlook.com
 *Counsel for Plaintiff*
*Suncity Metals and Tubes Private Limited*

Dated:  March 30, 2026

1

**TABLE OF CONTENTS**

I.    FACTS……………………………………………………………… …………..1

II.   STANDARD OF REVIEW …………………………………………………… 2

III.  ARGUMENT……………………………….……………………………………..2

      A. Good Cause Exists to grant Consent Motion to Amend Scheduling Order……….. 2

      B. Counsel Did Not Fail to Prosecute ……………………………………… …………4

      C. Plaintiff's Counsel's Reasons for Amending the Scheduling Order Are Not Unusual and More Specific than that Found in Other Cases Before the Courts. .

VI.   CONCLUSION .................................................................................................7

**TABLE OF AUTHORITIES**

**CASES**

*Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188 (5th Cir. 1992)*……………………………………..6

Campbell v. Wildinson, *988 F.2d 798, at 801 (5ᵗʰ Cir. 2021)*…………………………………….6

*Davidson v. MTD Prods. Co., 2025 U.S. App. LEXIS 1588\*, 2025 LX 208743, 2025 WL 209477 (11ᵗʰ Cir.2025)*…………………………………………………………………………......2

*Johnson* v. *Mammoth Recreations, 975 F.2d 604. 607-608 (9ᵗʰ Cir. 1992)*……………....3. 4

*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.,* 889 F. Supp. 2d 4543, at 454 (U.S. .Dist. Ct. for Southern Dist. Of NY, 2012)…………………………………….………4

*Riofrio Anda v. Ralston Purina, Co.*, *959 F.2d 1149, at 1155 (1ˢᵗ Cir. 1992)*…………….…. 4, 5

*Sosa v. Airprint Svs.133 F.3d 1417 (11ᵗʰ Cir.1998)*…………………………………….2-4

**FEDERAL RULES OF CIVIIL PROCEDURE**

*15(a)*………………………………………………………………………………………….3, 6

*16(b)(4)*………………………………………………………………………………….Passim

**PLAINTIFF'S RESPONSE TO COURT ORDER**

The Court issued a paperless Order (ECF 19)  denying Plaintiff's Consent Motion to amend the scheduling order (ECF 27).

The Court also issued an Order to show cause why  Suncity's case should not be terminated due to "failure of the plaintiff to prosecute." , The Court cites USIT Rule 41(b)(3).

## I.    FACTS

The Court's Order notes that it denied Plaintiff's Consent Motion to Amend Scheduling Order, ECF No. 27, because Plaintiff failed to demonstrate good cause for the request.

Rule 41(b)(3) provides as follows:

> (3) When it appears that there is a failure of the plaintiff to prosecute the court may on is own after notice, or on motion of a defendant, order the action of any claim dismissed for lack of prosecution.  No notice or motion is required when subparagraphs (1) or (2) apply.

Prior to the Show Cause Order, the Court issued a paperless or on March 17, 2026.  It reads as follows:

> Paperless Order entered on 3/17/2026: Upon consideration of the consent motion for an amended scheduling order to afford Plaintiff an additional 21 days to file an opening brief, ECF No. 27 , and the court's Rule 56.2 Notice informing parties that "the court will consider timely extension requests based on a showing of good cause... to address unexpected conflicts," ECF No. 23 , the court finds that Plaintiff, on the eve of the relevant deadline, has not established good cause to amend the scheduling order insofar as Plaintiff has failed to identify "unexpected conflicts" or conflicts beyond Plaintiff's control. Accordingly, the motion is DENIED. (Related Doc # 27 ). (Almonte, Giselle) (Entered: 03/17/2026)

Plaintiff original submitted its Consent Motion  for a scheduling order on February 11, 2026.  ECF 25.  The Scheduling Order was issued on February 12, 2026,  ECF 26.

1

## II.    STANDARD OF REVIEW

Plaintiff believes the standard of review is comprised of the Federal Rules of Civil Procedure, as cited herein, and interpretation of those rules, as stated herein by various courts of appeal.

## III.    ARGUMENT

### A.  Good Cause Exists to grant Consent Motion to Amend Scheduling Order.

Plaintiff's counsel believes that he has shown "good cause" to the extension of time to file its opening brief.

(1) Plaintiff's motion to amend the scheduling order was a consent motion, meaning no party felt any undue delay in amending the scheduling order; and

(2) The motion was timely filed, prior to the deadline to submit plaintiff's opening brief; this confirms that plaintiff was "diligent."

The Federal Rules of Civil Procedure ("FRCP") address this issue at 16(b)(4).

> *Modifying a Schedule.* A schedule may be modified only for good cause and with the judge's consent.

*Id.* There are a number of cases in which the courts have addressed the issue of amending a scheduling order.

> Rule 16(b)'s "good cause standard precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa, 133 F.3d at 1418 (quotation marks omitted).

*Davidson v. MTD Prods. Co.*, 2025 U.S. App. LEXIS 1588*, 2025 LX 208743, 2025 WL 209477 (11th Cir.2025). *Also see, Sosa v. Airprint Svs.*133 F.3d 1417 (11th Cir.1998).

Moreover, *Davidson* held that "good cause" is demonstrated via "diligence."

> The test for "good cause" does not require consideration of whether the motion to amend was filed during discovery. *See Fed. R. Civ. P. 16(b)*. Instead, it requires consideration of whether the party seeking the amendment was "diligent." *See Sosa, 133 F.3d at 1418*.

*Id.* at 13.  Plaintiff cites in its Consent Motion the reasons why it was unable to meet the terms of the Scheduling Order.

> The reason for this postponement is due to the press of other antidumping and countervailing duty cases.
>
> Plaintiff's counsel was retained last week by a mandatory respondent in the antidumping administrative review of PET Film from India.  That review has a public hearing scheduled for March 20, 2026, for which he has been preparing his testimony.  Counsel for Plaintiff also is counsel to a mandatory respondent in the antidumping administrative review of frozen shrimp from Vietnam.  The U.S. Department of Commerce issued a supplemental questionnaire on March 10, 2026, the response to which is currently due March 20, 2026; counsel is requesting a two-week extension of time to respond to that questionnaire, etc.

Consent Motion (ECF #27) at 1.  Neither of these reasons was extant when the consent motion for the original scheduling order was submitted to the Court on March 17, 2026.

The courts have defined "diligence" in terms of timeliness.  Diligence exists when a motion to amend is submitted prior to the deadlines set forth in the scheduling order. Moreover, good cause, according to *Sosa*, must be demonstrated only if the motion is submitted after the deadlines set forth in the scheduling order.

> If Sosa's motion for leave to amend had been filed within the time prescribed by the scheduling order, Rule 15(a) would be our primary focus, as well. However, because Sosa's motion to amend was filed <u>after</u> the scheduling order's deadline, <u>she must first demonstrate good cause</u> under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a). *Johnson, 975 F.2d at 607-08*; *Anda, 959 F.2d at 1155*.

> In light of Sosa's lack of diligence in protecting her rights, Sosa's attempt to add a defendant <u>outside the time frame prescribed by the scheduling order</u> was not supported by good cause.

*Sosa* at 1419 (emphasis added). *See Johnson v Mammoth Recreations*, 975 F.2d 604. 607-608 (9th Cir. 1992); *also see Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, at 1155 (1st Cir. 1992).

Moreover, the *Johnson* court used even more precise language than the *Sosa* court.

> *Rule 16(b)*'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."

*Johnson* at 609 (emphasis added) (citations omitted).  Plaintiff's counsel finds no definition of "despite party's diligence" other than the requirement to file a motion to amend prior to the deadlines stated in the original scheduling order.  Plaintiff's counsel met this requirement.

Assuming, *arguendo*, despite the consent motion being filed prior to the deadline to submit an opening brief, that "good cause" was required, the courts have limited that requirement.

> A party fails to show good cause when the proposed amendment rests on information "that the party knew, or should have known, in advance of the deadline."

*Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.,* 889 F. Supp. 2d 4543, at 454 (U.S. Dist. Ct. for Southern Dist. Of NY, 2012) (citations omitted).

In the instant case, counsel for Plaintiff did not know, and should not have known, that he would be subject to pressing obligations by the U.S. Department of Commerce

4

("Commerce" or "Department") at the time of the original consent motion for the scheduling order.

First, he was unaware that an exporter subject to the antidumping administrative on PET Film from India, weeks after the Scheduling Order was issued, would retain him to prepare for and testify at a public hearing.

Second, he was unaware that several weeks after this Court issued the Scheduling Order, Commerce, on March 10, 2026, (a mere eight days prior to the due date for Plaintiff's opening brief), would issue a substantial second supplemental questionnaire to a client in Certain Frozen Warmwater Shrimp from Vietnam. That questionnaire had an original deadline of March 20, 2026, a mere two days after the deadline for Suncity to submit its opening brief. The response to that questionnaire consisted of 54 pages of text and 78 exhibits. A normal second supplemental questionnaire, if one is issued at all, more often than not consists of 10 questions, not 75+ questions. Indeed, mandatory respondents have no prior knowledge of if, or when, Commerce will issue supplemental questionnaires.

Virtually all of the above cases dealt with a plaintiff wanting to amend its complaint. They therefore wanted to amend their scheduling orders to allow time to amend their complaints. FRCP 15(a) provides guidance in this situation.

While this language is not exactly on point with Plaintiff's desire to amend the scheduling order, it does show the flexibility courts should exercise in allowing parties to amend pleadings.

> *Rule 15(a)* states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

*Riofrio Anda* at 1154. In the case at bar, Defendant, United States, consent to the motion to amend the Scheduling Order.

### B. Counsel Did Not Fail to Prosecute.

The courts have held that there must be an egregious action by either plaintiff or its counsel to warrant termination of a case for "failure to prosecute."

> Although we review a dismissal for failure to prosecute for abuse of discretion, we recognize that dismissal with prejudice is a severe sanction. Accordingly, we are careful to limit a district court's discretion to dismiss a case with prejudice.
>
> As *Berry* makes clear, "[w]e will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.
>
> Moreover, in most cases where we have affirmed a dismissal with prejudice, we have found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (quotations omitted).

*Campbell v. Wildinson,* 988 F.2d 798, at 801 (5th Cir. 2021) (citations omitted).  Regarding the case a bar, neither Plaintiff nor Plaintiff's counsel has met any of the above tests warranting a "severe sanction" of dismissing this case.

### C. Plaintiff's counsels' reasons for amending the Scheduling Order are not unusual and more specific than those found in other cases before the courts.

Counsel reviewed several recent cases at this Court to determine what kind of justification is required for an extension of time to be acceptable and result in amended scheduling orders.  While this Court routinely grants consent motions for extensions of time, two recent cases are submitted, below, for the Court's consideration.

6

(1) 24-00037, ECF 18 is a consent motion for an extension.  The good cause was "travel" for a Commerce verification and "other matters."  This Court granted the motion.

(2) 22-00219 – ECF 31 is a consent motion for an extension.  The good cause was (a) "numerous" recently developed matters, (b) "other time sensitive matters," and (3) travel for verification by Commerce.  Again, this Court granted the motion.

In the instant case, counsel submitted that good cause exists due to <u>detailed</u> matters that arose only a week or two prior to the deadline to submit its opening brief.  This is in stark contrast to the two cases, above, which do not state that certain matters arose only after the original scheduling order was entered by the Court, or define what "numerous" and "other" matters include.

## IV.  CONCLUSION

Counsel for Plaintiff requests the Court to consider the merits of these arguments and apply the same tests to it as this and other courts have in numerous cases, such as the two cited, above.  Accordingly, counsel respectfully requests reinstatement of this case.

Respectfully submitted,

__/s/ John J. Kenkel_____

John J. Kenkel
International Trade Law Counselors, PLLC
8647 Richmond Highway, Suite 623
Tel. (202) 390-4064
IntlTradeLawCounselors@outlook.com
*Counsel for Plaintiff*
*Suncity Metals and Tubes Private Limited*

Dated: March 30, 2026

7

**UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT,  CHIEF JUDGE**

| | | |
|---|---|---|
| SUNCITY METALS AND TUBES PRIVATE LIMITED | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 25-00222 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| And | ) | |
| | ) | |
| FELKER BROTHERS CORPORATION | ) | |
| Defendant-Intervenor. | ) | |
| | ) | |

**Certificate of Compliance**

This brief has been prepared utilizing Microsoft Word 2016 using a proportionally spaced typeface (12 point Times New Roman font).

In accordance with the Chambers Procedures of the United States Court of International Trade, the undersigned certifies that his brief complies with the word limitations set forth in the Chambers Procedures.  Specifically, excluding those exempted portions of the brief, as set forth in 2 B (1) of the Chambers Procedures, I hereby certify that this brief contains 1,944 words.  In accordance with the Chambers Procedures, this certified word count is based on the word count feature in the word processing system (Microsoft Word) used to prepare this brief.

Respectfully submitted,

*/s/ John J. Kenkel*
John J. Kenkel
International Trade Law Counselors, PLLC

8647 Richmond, Hwy, Suite 623
Telephone: (703) 390-4064
Email: IntlTradeLawCounselors@outlook.com
*Counsel for Soc Trang Seafood Joint Stock
Company (STAPIMEX).*

Dated: March 30, 2026