**UNITED STATES COURT OF INTERNATIONAL TRADE**

SUNCITY METALS AND TUBES
PRIVATE LIMITED,

     Plaintiff,

       v.

UNITED STATES,

     Defendant,

     and

FELKER BROTHERS CORPORATION,

     Defendant-Intervenor.

Before: Mark A. Barnett, Chief Judge
Court No. 25-00222

**MEMORANDUM AND ORDER**

Plaintiff commenced this case on October 8, 2025, during the federal

government's lapse in appropriations, seeking to challenge the U.S. Department of

Commerce's ("Commerce") final results in the administrative review of the antidumping

duty order on welded stainless pressure pipe from India.  *See* Summons, ECF No. 1;

Compl. ¶ 1, ECF No. 7 (filed Oct. 9, 2025) (citing *Welded Stainless Pressure Pipe From

India*, 90 Fed. Reg. 44,041 (Dep't Commerce Sept. 11, 2025) (final results of

antidumping duty admin. Rev.; 2022–2023) ("*Final Results*")).  The lapse in

appropriations meant that Plaintiff commenced this case before Commerce had the

opportunity to consider Plaintiff's ministerial error allegation.  Compl. ¶ 9.  Following the

appropriation of funds, Defendant requested and obtained leave to consider the

ministerial error allegation.  *See* Order (Dec. 8, 2025), ECF No. 21.  That Order

permitted Commerce to consider the allegation and, "if necessary, publish amended

Court No. 25-00222                                                                                          Page 2

final results on or before December 29, 2025." *Id.*  Commerce did not file any amended

final results, indicating its denial of the ministerial error allegation, and Commerce timely

filed the administrative record for the *Final Results* on January 12, 2026.  *See* Public

Admin. R., ECF No. 22-4; Confid. Admin. R., ECF No. 22-5.  The sole count of Plaintiff's

complaint appears to rest on the same basis as Plaintiff's ministerial error allegation.

*Compare* Compl. ¶ 9, *with* Compl. ¶ 11.  Thus, although the delay incurred in the initial

stages of this case was beyond Plaintiff's control, the nature of the issues Plaintiff

should be prepared to address now, almost six months later, has not changed.  With

that history in mind, the court turns to Plaintiff's response to the court's order to show

cause why the case should not be dismissed for lack of prosecution.  *See* Order to

Show Cause (Mar. 23, 2026), ECF No. 29; Pl.'s Resp. to Ct. Order ("Pl.'s Resp."), ECF

No. 30.

### ADDITIONAL BACKGROUND

On January 12, 2026, the court entered its routine Rule 56.2 letter in cases

arising under the court's 28 U.S.C. § 1581(c) jurisdiction.  Letter (Jan. 12, 2026) ("Rule

56.2 Letter"), ECF No. 23.  Therein, "[t]he court encourage[d] all parties to *carefully*

*consider* their competing commitments and to *propose realistic dates* that they should

be able to meet." *Id.* at 1 (emphases added).  Additionally, the court cautioned that it

would "consider timely extension requests based on a *showing of good cause*," such

that "when submitting a proposed scheduling order, the parties should seek to limit the

need for extensions to short periods *to address unexpected conflicts*." *Id.* (emphases

added).  The court entered the scheduling order with the deadlines proposed by the

parties.  *See* Pl.'s Consent. Mot. for Scheduling Order, ECF No. 25; Scheduling Order (Feb. 12, 2026), ECF No. 26.  The Scheduling Order set March 18, 2026, as the deadline for Plaintiff's moving brief.  Scheduling Order at 1.

Near the close of business on March 17, 2026, Plaintiff requested an additional 21 days to file its moving brief.  Consent Mot. to Amend Scheduling Order ("Mot. to Amend"), ECF No. 27.[1]  The court denied the motion that day because Plaintiff failed to demonstrate good cause for the request.  Paperless Order (Mar. 17, 2026), ECF No. 28.  The court explained that Plaintiff had "failed to identify 'unexpected conflicts' or conflicts beyond Plaintiff's control."  *Id.*  Because the court denied Plaintiff's extension request, Plaintiff's deadline for filing its moving brief remained March 18, 2026.

Plaintiff did not file its moving brief by the March 18, 2026, deadline.  On March 23, 2026, having received no further communication from Plaintiff, the court ordered Plaintiff to show cause by March 30, 2026, why its case should not be dismissed pursuant to USCIT Rule 41(b)(3) for failure to prosecute.  Order to Show Cause at 1. On March 30, 2026, Plaintiff filed its response.  Pl.'s Resp.

## DISCUSSION

"When it appears that there is a failure of the plaintiff to prosecute, the court may on its own after notice . . . order the action or any claim dismissed for lack of prosecution."  USCIT Rule 41(b)(3).  While the decision "rests soundly in the court's

---

[1] While Plaintiff requested an additional 21 days for its moving brief, Plaintiff, without explanation, proposed revised dates for the response briefs by Defendant and Defendant-Intervenor that extended 42 days after the original deadlines.  *Compare* Mot. to Amend at 2, *with* Scheduling Order at 1.

discretion," dismissal is typically inappropriate "unless there is evidence of a clear pattern of delay, contumacious conduct, or failure to comply with orders of the Court." *SV Block II v. U.S. Sec'y of Ag.*, 32 CIT 83, 86 (2008) (internal quotation marks omitted); *see also United States v. B.B.S. Elecs. Int'l Inc.*, 9 CIT 561, 563, 622 F. Supp. 1089, 1092 (1985) (reciting the standard).

Plaintiff's response to the Order to Show Cause misses the mark for several reasons. First, Plaintiff misstates the standard of review. This court does not apply the "Federal Rules of Civil Procedure . . .  and interpretation of those rules . . . by various courts of appeals." Pl.'s Resp. at 2. The court is governed by Rules of the U.S. Court of International Trade as interpreted by this court and in binding authority from the U.S. Court of Appeals for the Federal Circuit.

Second, Plaintiff seeks to relitigate its motion for an extension of time, arguing there was good cause for the extension. *Id.* at 2. Plaintiff's counsel's voluntary decision to undertake representation of a new client one week in advance of a March 20, 2026, scheduled hearing date, Pl.'s Mot. to Amend at 1; Pl.'s Resp. at 2, 5,[2] introduced a conflict entirely within counsel's control. Moreover, counsel could and should have requested the extension of time from the outset of that representation, instead of waiting until the eve of the filing deadline in this case and requesting time far beyond the March 20 hearing date, *see* Pl.'s Mot. to Amend at 2 (requesting a filing deadline of April 8,

---

[2] Plaintiff's assertion that counsel "was unaware that an exporter . . . would retain him to prepare for and testify at a public hearing," Pl.'s Resp. at 5, is disingenuous insofar as it overlooks counsel's exercise of judgment in evaluating his ability to undertake the representation.

2026).  Plaintiff also points to Commerce's issuance of a supplemental questionnaire to a mandatory respondent represented by Plaintiff's counsel, Pl.'s Resp. at 3, 5, but Plaintiff's counsel had indicated its intention to request a two-week extension of that deadline as well, Pl.'s Mot. at 1–2.[3]  Neither of Plaintiff's two reasons, now nor then, constituted good cause for the court to modify the scheduling order.[4]

Plaintiff even suggests that good cause is not required when the movant requests the extension of time before the scheduled deadline.  Pl.'s Resp. at 3–4. Plaintiff misapplies court rules and judicial precedent governing motions for leave to file an amended complaint pursuant to Rule 15(a) before or after a deadline stated in a scheduling order.  *See id.*  In this court, good cause *is required* for motions to extend a deadline filed "before the original time or its extension expires."  USCIT Rule 6(b)(A); *cf.* Rule 56.2 Letter at 1.  After the deadline has lapsed, movants are subject to the heightened standard of "excusable neglect or circumstances beyond the control of the party."  USCIT Rule 6(b)(B).  Plaintiff further suggests that diligence is demonstrated by filing the motion for an extension of time before the deadline.  Pl.'s Resp. at 4.  "Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's *diligent efforts* to comply with the schedule."  *Aspects Furniture Int'l, Inc. v. United States*, 44 CIT __, __, 469 F. Supp.

---

[3] Plaintiff's response suggests the extension was not granted because Plaintiff was able to state that the supplemental questionnaire response contained "54 pages of text and 78 exhibits."  *Id.*
[4] Plaintiff identifies court orders granting motions for an extension of time.  *Id.* at 6–7. Each motion is evaluated on its own facts, and neither court order is binding here.

Court No. 25-00222                                                                              Page 6

3d 1359, 1364 (2020) (emphasis added).  Notably absent from Plaintiff's submissions is any explanation regarding counsel's "diligent efforts to comply with the schedule" or otherwise make progress towards completion of its moving brief.  This omission is particularly glaring since, as discussed above, Plaintiff commenced this case almost six months ago and the single claim Plaintiff will be required to address in its moving brief remains largely unchanged.

Lastly, Plaintiff fails to 1) address in any way the fact that the court's denial of its extension request meant that Plaintiff's moving brief was due on March 18, 2026; 2) offer any explanation for the failure to file by that deadline; or 3) attempt to file the moving brief with Plaintiff's March 30 response along with a motion for leave to file out of time pursuant to the standard in USCIT Rule 6(b)(B).  Plaintiff merely states in a conclusory fashion that dismissal is not merited.  Pl.'s Resp. at 6.

Thus, while Plaintiff's counsel's conduct presents a close question, to avoid unfairly sanctioning the client for the actions of the attorney, the court declines to dismiss the case at this time.  The court cautions Plaintiff and its counsel to avoid any further non-compliance with the Order below or any subsequent orders in this case.

## CONCLUSION AND ORDER

In accordance with the foregoing, it is hereby:

**ORDERED** that the Scheduling Order entered in this case, ECF No. 26, is amended as follows but otherwise remains in effect:

1. Plaintiff's USCIT Rule 56.2 motion for judgment on the agency record and accompanying brief is due on or before April 3, 2026;

Court No. 25-00222                                                                      Page 7

2.  Defendant's response brief is due on or before June 3, 2026;

3.  Defendant-Intervenor's response brief is due on or before June 17, 2026;

4.  Plaintiff's reply brief is due on or before July 17, 2026;

5.  The Joint Appendix is due by July 31, 2026;

6.  Any motion for oral argument is due by August 7, 2026; it is further

**ORDERED** that Plaintiff is to abide by the April 3, 2026 deadline in this Amended Scheduling Order and that further extensions will only be granted by the court upon a showing of extraordinary circumstances or to prevent manifest injustice; and it is further

**ORDERED** that Plaintiff's counsel must furnish a copy of this Memorandum and Order to Plaintiff Suncity Metals and Tubes Private Limited within seven days of the date of this Memorandum and Order.


/s/      Mark A. Barnett
Mark A. Barnett, Chief Judge


Dated: March 31, 2026
          New York, New York