**THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE**

|  |  |  |
|---|---|---|
| | ) | |
| SUNCITY METALS AND TUBES PVT. LTD. | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| v. | ) | Court No. 25-00222 |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| *Defendant*, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FELKER BROTHERS CORPORATION, | ) | |
| | ) | |
| *Defendant-Intervenors.* | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGMENT UPON THE AGENCY RECORD**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

GEOFFREY M. LONG
Assistant Director

OF COUNSEL:
JOSHUA ANGELO
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for Trade
Enforcement and Compliance
1401 Constitution Avenue, NW

ALEXANDER S. BREWER
Trial Attorney
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480

Washington, D.C. 20230
Tel: (202) 875-4092
Email: Joshua.Angelo@trade.gov

Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0252
Email: Alex.Brewer@usdoj.gov

June 18, 2026

Attorneys for Defendant

# THE UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE

|  |  |  |
|---|---|---|
| SUNCITY METALS AND TUBES PVT. LTD. | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Court No. 25-00222 |
| UNITED STATES, | ) ) ) | |
| *Defendant,* | ) ) | |
| FELKER BROTHERS CORPORATION, | ) ) ) | |
| *Defendant-Intervenors.* | ) ) | |

## ORDER

Upon consideration of the plaintiffs' Rule 56.2 motion for judgment on the agency record, defendant's opposition, and all other pertinent papers, it is hereby

ORDERED that the plaintiffs' Rule 56.2 motion for judgment on the agency record is denied; and it is further

ORDERED that judgment shall issue for the United States.

Dated: _____

New York, New York                                                    JUDGE

**THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE MARK A. BARNETT, JUDGE**

|  |  |  |
|---|---|---|
| SUNCITY METALS AND TUBES PVT. LTD. | ) ) ) ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Court No. 25-00222 |
| UNITED STATES, | ) ) | |
| *Defendant,* | ) ) | |
| and | ) ) | |
| FELKER BROTHERS CORPORATION, | ) ) | |
| *Defendant-Intervenors.* | ) ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR JUDGEMENT UPON THE AGENCY RECORD**

Pursuant to Rule 56.2 of the Rules of this Court, defendant, the United States, respectfully submits this response to the motion for judgement upon the agency record filed by plaintiff, Suncity Metals and Tubes Pvt. Ltd. (Suncity), challenging the dumping margin calculation in the U.S. Department of Commerce's (Commerce) final results in the administrative review of the antidumping duty order on welded stainless pressure pipe from India for the period November 1, 2022, through October 31, 2023.  Suncity Br., ECF No. 32 (Pl. Br.).  As demonstrated below, Commerce's final results are supported by substantial evidence and in accordance with law.  Accordingly, we respectfully request the Court sustain Commerce's final results in full, reject Suncity's challenge, and enter judgment for the United States.

## STATEMENT PURSUANT TO RULE 56.2

### I.  Administrative Determination Under Review

The administrative determination under review is the 2022-2023 administrative review of the antidumping duty order on welded stainless pressure pipe from India. *Welded Stainless Pressure Pipe from India*, 90 Fed. Reg. 44041 (Dep't of Commerce Sept. 11, 2025) (Final Results) (P.R. 83) and the accompanying Issues and Decision Memorandum (IDM) dated September 5, 2025 (P.R. 80).

### II.  Issues Presented for Review

Whether Commerce's decision to cap Suncity's ocean freight and marine insurance expenses by the amount of its corresponding ocean freight and marine insurance revenue is supported by substantial evidence and in accordance with law.

## STATEMENT OF FACTS

### I.  Statutory Background

Commerce conducted this administrative review pursuant to the Tariff Act of 1930, as amended ("the Act"), to determine whether subject merchandise is being, or is likely to be, sold at less than fair value in the United States.  Under 19 U.S.C. § 1675(a) Commerce reviews entries of subject merchandise and determines the applicable antidumping duty margin by comparing the merchandise's export price (EP) or constructed export price (CEP) with normal value (NV).  19 U.S.C. § 1677b(a); *see also Torrington Co. v. United States*, 68 F.3d 1347, 1352 (Fed. Cir. 1995) (explaining that the statutory framework seeks "to produce a fair . . . comparison between foreign market value and United States Price").

To determine the EP or CEP, Commerce begins with the starting price to the first unaffiliated purchaser in the United States and makes certain statutory adjustments.  *See*

2

19 U.S.C. § 1677a(a)-(c).  Among those adjustments, Commerce deducts movement expenses, including foreign inland freight, international freight, marine insurance, U.S. inland freight, and other transportation related expenses.  19 U.S.C. § 1677a(c)(2)(A).

When a respondent charges its U.S. customer for freight or insurance services and recovers those amounts in connection with the sale, Commerce's practice is to treat such recovered amounts as revenue associated with movement expenses and offsets those movement expenses accordingly, based on 19 U.S.C. § 1677b(a)(6)(B)(ii).  However, consistent with longstanding practice affirmed by the Federal Circuit, Commerce caps freight or insurance revenue at the amount of the corresponding movement expense to ensure that service-related revenue does not artificially increase the U.S. price.  *Nexteel Co., Ltd. v. United States*, 28 F.4th 1226, 1240 (Fed. Cir. 2022); *see also Circular Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review*, 77 Fed. Reg. 61,738 (Dep't of Commerce Oct. 11, 2012); IDM at Comment 3.

In administrative proceedings before Commerce, interested parties are responsible for developing the record.  *Aristocraft of America, LLC v. United States*, 269 F. Supp. 3d 1316, 1327 (Ct. Int'l Trade 2017) (citing *QVD Food Co., Ltd. v. United States*, 658 F.3d 1318, 1324 (Fed. Cir. 2011)) (reasoning that "although Commerce may help develop the administrative record, the burden to develop it ultimately rests with interested parties like Plaintiffs.").  When, parties' submissions contain errors, Commerce is not responsible for correcting them unless they are "'so egregious and so obvious' that . . . failure to correct {the mistakes} undermines the interests of justice."  *Chengde Malleable Iron Gen. Factory v. United States*, 505 F. Supp. 2d 1367, 1372 (Ct. Int'l Trade, 2007) (quoting *Acciai Speciali Terni S.P.A. v. United States*, 142 F. Supp. 2d 969, 982-83 n. 7 (Ct. Int'l Trade 2001).  Such errors have been found when the record contains

3

"patent inconsistencies," and when calculations based upon the record lead to a "absurd result." *Id.* (citing *Tehnoimportexport v. United States*, 766 F. Supp. 1169, 1178-79 (Ct. Int'l Trade 1991); *see also Koyo Seiko Co. v. United States*, 746 F. Supp. 1108, 1111 n. 4 (Ct. Int'l Trade 1990).

## II. Procedural Background

Commerce issued an antidumping duty order on welded stainless pressure pipe from India on November 17, 2016. *Welded Stainless Pressure Pipe from India: Antidumping Duty Order*, 81 Fed. Reg. 81062 (Dep't of Commerce Nov. 17, 2016) (Order).  On December 29, 2023, Commerce initiated the 2022-2023 administrative review of the antidumping duty order, covering entries between November 1, 2022 and October 31, 2023.  *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 88 Fed. Reg. 90,168 (Dep't of Commerce Dec. 29, 2023) (P.R. 6).  Commerce selected Suncity as a mandatory respondent in this review. Respondent Selection Memorandum (Feb. 16, 2024) (P.R. 16) (C.R. 3).

During the review, Commerce issued questionnaires to Suncity seeking information concerning its corporate structure, sales practices, and U.S. sales of subject merchandise. Request for Information (Feb. 21, 2024) (Initial Questionnaire) (P.R. 19).  Suncity submitted responses to Commerce's questionnaires, addressing its U.S. sales data and associated movement expenses.  Suncity's Section A Questionnaire Response (Suncity's Section A IQR) (March 31, 2024) (P.R. 39) (C.R. 4); Suncity's Section C Questionnaire Response (Suncity's Section C IQR) (P.R. 48) (C.R. 10-13).

On December 13, 2024, Commerce published the preliminary results of the administrative review.  *Welded Stainless Pressure Pipe from India: Preliminary Results and Partial Recission of Antidumping Duty Administrative Review*: 2022-2023, 89 Fed. Reg. 100,954

4

(Dep't of Commerce Dec. 13, 2024) (Preliminary Results) (P.R. 62), and accompanying Issues

and Decision Memorandum (PDM), dated December 6, 2024 (P.R. 60).  Therein, Commerce

made deductions for freight and insurance, among others, in calculating export price.  *Id*.; *see*

*also* PDM at 7-8.  Commerce invited interested parties to submit case and rebuttal briefs

regarding the Preliminary Results.  Preliminary Results at 100,954.

Suncity submitted its case brief on February 10, 2025.  Suncity's Case Brief (Feb. 10,

2025) (Plaintiff's Case Brief) (P.R. 73).  Suncity argued, in relevant part, that Commerce did not

include U.S. freight and insurance revenue to determine U.S. net unit price, and that such

revenue should be included.  *Id.* at 9.  Felker Brothers Corporation (Petitioner) submitted its

rebuttal brief on February 18, 2025.  Petitioner's Case Brief (Feb. 18, 2025) (Petitioner's

Rebuttal Brief) (P.R. 74).  Therein, Petitioner argued that any freight and insurance revenue

added to U.S. price should be capped by the amount of corresponding revenue in accordance

with Commerce's practice.  *Id.* at 1-3.

On September 11, 2025, Commerce published the final results of the administrative

review.  Final Results.  Therein, Commerce determined that amounts recovered by Suncity from

its United States customers for freight and insurance services constituted revenue associated with

movement expenses and should be treated as such in the calculation of U.S. price.  *Id*.; *see* IDM

at 4-5.  Commerce further explained that, consistent with its practice, freight and insurance

revenue would be capped at the corresponding expense.  *Id*.; *see also* Analysis Memorandum for

the Final Results of the Administrative Review at 4-5 (Sept. 05, 2025) (Final Analysis

Memorandum) (P.R. 81) (C.R. 42).

On September 15, 2025, Suncity submitted comments alleging that Commerce had made

ministerial errors in its calculation of U.S. price in the Final Results and requested that

Commerce correct the alleged ministerial errors pursuant to 19 C.F.R. § 351.224.  *See* Suncity's Letter, "Comments on Ministerial Errors," (Sept. 15, 2025) (P.R. 84) (C.R. 42).  Specifically, Suncity alleged that Commerce erred by: (1) capping certain freight and insurance revenue recovered on invoices; and (2) failing to include additional expenses within the capping methodology.  *Id.*  On September 22, 2025, Petitioners submitted rebuttal comments responding to Suncity's ministerial error allegations.  Petitioner's Letter, "Comments on Ministerial Errors," (Sept. 22, 2025) (P.R. 85) (C.R. 48).  Commerce subsequently reviewed the allegation as well as the parties' comments and issued a memorandum addressing the allegations and determined that they did not constitute ministerial errors.  Memorandum, "Allegations of Ministerial Errors in the Final Results" (Dec. 17, 2025) (P.R. 92).  This appeal ensued.

## SUMMARY OF THE ARGUMENT

Suncity challenges Commerce's decision to cap Suncity's ocean freight and marine insurance revenue by the amount of its corresponding freight and insurance expenses. Specifically, Suncity alleges that it had no offsetting income to the expenses for freight and insurance and that Commerce, therefore, capped non-existent income.

Contrary to Suncity's contentions, Commerce's decision is supported by substantial evidence and in accordance with law.  Commerce correctly identified Suncity's freight and insurance income and capped that income in accordance with its longstanding practice.

## ARGUMENT

### I. Standard of Review

This Court must sustain any determination, finding, or conclusion by Commerce unless it is unsupported by substantial evidence, or otherwise not in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i); *United States v. Eurodif S.A.*, 555 U.S. 305, 316 n.6 (2009).  "Substantial

evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolo. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Substantial evidence may be "less than the weight of the evidence," and the possibility of drawing inconsistent conclusions does not make Commerce's findings unsupported by substantial evidence. *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). Thus, a party challenging an agency determination under the substantial evidence standard "has chosen a course with a high barrier to reversal," and the Court sustains Commerce's factual determinations as long as they are reasonable and supported by the record as a whole, even if some evidence detracts from the agency's conclusions. *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1352 (Fed. Cir. 2006) (cleaned up); *Atl. Sugar, Ltd. v. United States*, 744 F.2d 1556, 1562-63 (Fed. Cir. 1984).

When Congress entrusts an agency to administer a statute that demands inherently fact-intensive inquiries, agency conclusions may be set aside only if the record is "so compelling that no reasonable factfinder" could reach the same conclusion. *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992); *see also Shandong Rongxin Imp. & Exp. Co. v. United States*, 203 F. Supp. 3d 1327, 1338 (Ct. Int'l Trade 2017) (recognizing a deference to Commerce's factual findings). It is thus improper to overturn a determination "simply because the reviewing court would have reached a different conclusion based on the same record," *Cleo Inc. v. United States*, 501 F.3d 1291, 1296 (Fed. Cir. 2007) (citations omitted), and the Court will not substitute its judgment in choosing between two fairly conflicting views, even if it could "justifiably have made a different choice had the matter been before it de novo." *Goldlink Indus. Co. v. United States*, 431 F. Supp. 2d 1323, 1326 (Ct. Int'l Trade 2006) (cleaned up).

7

**II.    Commerce's Decision to Cap Suncity's Ocean Freight And Marine Insurance Costs Is Supported by Substantial Evidence And in Accordance With Law**

Commerce's longstanding practice is to cap ocean freight and marine insurance revenue at the amount of the corresponding movement expense, to ensure that service-related revenue does not artificially increase the U.S. price.  This practice has been upheld by the Federal Circuit in *Nexteel Co., Ltd. v. United States*, 28 F.4th 1226, 1240 (Fed. Cir. 2022).  Commerce adhered to this practice in the Final Results in this matter.  Specifically, [Commerce calculated U.S. price by adding adjustments including freight and insurance revenue to Commerce's gross unit price. Margin Calculation Program, (Sept. 9, 2023) (Barcode: 4822658-03) (C.R. 45); Final Analysis Memorandum at 4-5.] Additionally, Commerce capped freight revenue by the amount of Suncity's freight expense and capped insurance revenue by the amount of Suncity's insurance expense.  IDM at 4-5.

Commerce's approach was not only consistent with its own practice, but with the information that Suncity placed on the record and cited in its brief.  *See* Suncity's Section C IQR at 23 ("In this field Suncity has reported the gross unit price as per invoice in USD per KG calculated on theoretical weight basis.  Further, Suncity also recovered freight and insurance from customers which are revenue for Suncity (and are to be added to {gross unit price} to calculate the margin) . . ." (emphasis omitted)); *see also* Pl. Br. at 7 (citing C.R. 27-35; P.R. 69 to state that recovered freight and insurance are "revenue").  Suncity asserts that freight and insurance recovered are merely break-out components of DDP invoice value and that there is "not even a scintilla" of evidence that Suncity earned revenue relating to freight and insurance above that included in DDP price.  Pl. Br. at 7, 11.  Plaintiff's argument appears to rest on an incorrect view that Commerce added capped freight and insurance revenue to DDP invoice value.  *See, e.g.*, Pl. Br. at 9 ("Commerce simply misinterpreted the data in these two fields as

8

somehow also pertaining to additional income to {Suncity} over and beyond these costs which are an integral part of the DDP price.").

Not so.  As we demonstrated previously, [Suncity's earned revenues were added to gross unit price, a component of DDP value,] in accordance with the information that Suncity provided.  While Suncity argues that it merely "recovered" freight and insurance from its United States customers, and that this therefore is not "income," Suncity itself confirmed that these amounts "are *revenue* for Suncity."  Suncity's Section C IQR at 23 (emphasis added); Pl. Br. at 7.  As a result, Commerce correctly determined that amounts recovered by Suncity from its United States customers for freight and insurance services constituted revenue associated with movement expenses and should be treated as such in the calculation of Suncity's margin.  *Id.*; *See* IDM at 4-5.  Commerce further explained that, consistent with its practice, freight and insurance revenue would be capped at the corresponding expense.  *Id*.

As a final matter, Suncity asserts that English is spoken differently in India and that, in India, "recovery" refers to "expenses."  Pl. Br. at 6.  Suncity offers no evidence to support this claim but, regardless, the assertion is belied by Suncity's own reference to "recovered freight and insurance from customers which are revenue for Suncity."  Suncity's Section C IQR at 23.  Moreover, to any extent that Plaintiff's claims regarding the term "recovery" are meritorious, the responsibility lies with Suncity.  Interested parties are responsible for developing the record in proceedings before Commerce.  *Aristocraft of America, LLC*, 269 F.Supp.3d at 1316 (citing *QVD Food Co., Ltd.*, 658 F.3d 1318) (reasoning that "although Commerce may help develop the administrative record, the burden to develop it ultimately rests with interested parties like Plaintiffs").  Suncity readily admits that its proffered understanding of the word "recovery" differs from the prevailing understanding of that term in the United States.  Pl. Br. at 9 ("Indians

9

speak of "recovery" in different terms from Americans."). But nothing on the record clarifies Suncity's proffered interpretation and, as noted previously, Suncity's Initial Questionnaire Response conflicts with it. To any extent that "recovery" was misinterpreted, such misinterpretation effectively amounts to a translation error far from being "'so egregious and so obvious' that . . . failure to correct it undermines the interests of justice." *Chengde Malleable Iron Gen. Factory*, 505 F. Supp. 2d at 1372 (quoting *Acciai Speciali Terni S.P.A.*, 142 F. Supp. 2d at 982-83 n. 7); *see also Kaiyuan Group Corp. v. United States*, 343 F. Supp. 2d 1289, 1313 (Ct. Int'l Trade 2004) (holding that Commerce was not required to correct a translation error because it "was not so obvious or patent that it would result in injustice," and because Commerce did not ignore relevant record evidence).

Regardless of Suncity's claims, Commerce did not misinterpret any of Suncity's submissions. Commerce added freight and insurance revenue to gross unit price in accordance with information on the record, and capped those revenues by the amount of Suncity's corresponding expenses in line with its practice. Suncity appears to be mistaken as to the methodology that Commerce applied. Commerce's decision is supported by substantial evidence and in accordance with law.

## CONCLUSION

For these reasons, we respectfully request that the Court deny plaintiff's motion, sustain Commerce's *Final Results*, and enter judgement for the United States.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA MCCARTHY
Director

10

GEOFFREY M. LONG
Assistant Director

OF COUNSEL:

JOSHUA ANGELO                          ALEXANDER S. BREWER
Attorney                               Trial Attorney
U.S. Department of Commerce            United States Department of Justice
Office of the Chief Counsel for Trade  Civil Division
Enforcement and Compliance             Commercial Litigation Branch
1401 Constitution Avenue, NW           P.O. Box 480
Washington, D.C. 20230                 Ben Franklin Station
Tel: (202) 875-4092                    Washington, D.C. 20044
Email: Joshua.Angelo@trade.gov         Telephone: (202) 307-0252
                                       Email: Alex.Brewer@usdoj.gov


June 18, 2026                          Attorneys for Defendant


11